UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Brian Keith Moolenaar,

        Plaintiff,

        v.

Ann Marie T. Sullivan,

        Defendant

25-CV-5097 (NRM)

**TRANSFER ORDER**

NINA R. MORRISON, United States District Judge:

On August 19, 2025, Petitioner Brian Keith Moolenaar filed this *pro se* petition challenging his involuntary commitment pursuant to 28 U.S.C. § 2254. Pet. for Writ of Habeas Corpus ("Pet."), ECF No. 1.[1] He paid the filing fee. Receipt for Writ of Habeas Corpus, ECF No. 2. For the following reasons, the Petition is hereby transferred to the United States District Court for the Southern District of New York.

Petitioner was committed to Kirby Forensic Psychiatric Center pursuant to a January 22, 2025 court order finding him unfit to proceed under Queens County Indictment No. 72370-23 and/or Indictment No. 70226-22. Pet. at 11, 19–20, 65–75, 77. Petitioner has previously challenged his commitment by filing a petition in the New York Supreme Court, Bronx County, under SMZ-71559-25. *Id.* at 13, 76–78.

Whether filed pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2254, a petition challenging custody alleged to be in violation of the Constitution or laws of the United

---

[1] All page references use ECF pagination except where noted.

States should be filed in the district where the petitioner is confined because the court issuing a writ of habeas corpus must have jurisdiction over the custodian of the petitioner. *See Wilson v. Wells*, No. 17-CV-40 (AWT), 2017 WL 6667515, at *2 (D. Conn. Sep. 6, 2017) ("[A] section 2254 or 2241 petition must be filed in the judicial district where the inmate is confined due to the fact that the court must have jurisdiction over the custodian of the inmate in order to issue a writ of habeas corpus."); *Rumsfeld v. Padilla,* 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ . . . does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").

Since Petitioner is confined at Kirby Forensic Psychiatric Center, which is located on Wards Island and thus within New York County, the Petition is hereby transferred to the United States District Court for the Southern District of New York. *See* 28 U.S.C. § 1406(a) (district court may transfer case filed in the wrong district to any district in which it could have been brought); 28 U.S.C. § 112(b) (New York County is located within the Southern District of New York).

Rule 83.1 of the Local Rules of the Eastern District of New York, which requires the clerk to transfer the case upon the expiration of seven days, is waived. Upon the transfer of this case, the Clerk of Court is to mark the case closed in this

2

Court. The Clerk is respectfully directed to mail a copy of this Order to Petitioner and to note the mailing on the docket.

SO ORDERED.

 /s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated:   October 1, 2025
         Brooklyn, New York